**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THERESA A. BROWN,                    )   NO. ED CV 05-740-E
                                     )
                    Plaintiff,       )
                                     )
        v.                           )   **MEMORANDUM OPINION**
                                     )
JO ANNE B. BARNHART, COMMISSIONER    )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,   )
                                     )
                    Defendant.       )
_____    )

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                            **PROCEEDINGS**


        Plaintiff filed a complaint on August 10, 2005, seeking review

of the Commissioner's denial of benefits.  The parties filed a

consent to proceed before a United States Magistrate Judge on

August 31, 2005.  Plaintiff filed a motion for summary judgment on

1    January 23, 2006.  Defendant filed a cross-motion for summary

2    judgment on February 22, 2006.  The Court has taken both motions

3    under submission without oral argument.  See L.R. 7-15; "Order,"

4    filed August 15, 2005.

5

6                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8         Plaintiff asserts disability based primarily on alleged

9    orthopedic problems (Administrative Record ("A.R.") 49, 55-63, 194-

10   205).  The Administrative Law Judge ("ALJ") found Plaintiff has a

11   severe degenerative disc disease, but rejected the credibility of

12   Plaintiff's testimony that she cannot work (A.R. 14). In the only

13   paragraph in the ALJ's opinion directly addressing the ALJ's

14   reason(s) for rejecting the credibility of Plaintiff's testimony

15   regarding Plaintiff's alleged orthopedic-related limitations, the ALJ

16   states:

17

18        In making my determinations, I have also considered the

19        claimant's subjective complaints.  However, I do not

20        find the claimant's allegations sufficiently credible

21        to justify any further limitations than those

22        established by the objective medical record.  I find

23        that the claimant's allegations of total disability are

24        inconsistent with her activities.  The claimant

25        testified that she lives in a mobile home with a

26        friend, rides her bicycle regularly, and has an

27        unrestricted driver's license.  She stated that she

28        must lie down for two hours per day.  She sells Avon

1             products, but denied any substantial profit.  This

2             normal range of daily activities is not consistent with

3             a finding of total disability (A.R. 13).

4

5       Following the Appeals Council's denial of review, the parties

6 offer opposing interpretations of the above-quoted paragraph.

7 Plaintiff states, "The ALJ appears to have accepted the Plaintiff's

8 need to lie down for 2 hours each day since he failed to reject it or

9 dispute it in any way.  In fact, he found that this testimony is

10 consistent with not being disabled" (Plaintiff's Memorandum at 5).

11 Defendant responds, "Plaintiff's claim that the ALJ did not reject

12 her testimony regarding the need to lie down for two hours . . . is

13 misplaced.  Read in context, the ALJ plainly stated that he did not

14 find Plaintiff's allegations credible to the extent alleged. . . ."

15 (Defendant's Memorandum at 7 n.8).

16

17                          **STANDARD OF REVIEW**

18

19       Under 42 U.S.C. section 405(g), this Court reviews the

20 Commissioner's decision to determine if: (1) the Commissioner's

21 findings are supported by substantial evidence; and (2) the

22 Commissioner used proper legal standards.  <u>See</u> <u>Swanson v. Secretary</u>,

23 763 F.2d 1061, 1064 (9th Cir. 1985).

24

25                              **DISCUSSION**

26

27       When the ALJ determines that a claimant's testimony regarding

28 pain and other subjective symptoms is not credible, the ALJ must make

"specific, cogent" findings, supported in the record, to justify the ALJ's determination.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]  "The ALJ must state specifically which symptom testimony is not credible . . ."  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Hammock v. Bowen, 879 F.2d 498, 503 (9th Cir. 1989) (ALJ should indicate "which pain testimony was not credible"); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (ALJ should "isolate particular complaints of pain and discuss the evidence suggesting that those complaints are not credible").

In the present case, the ambiguity and lack of specificity in the ALJ's discussion of the reason(s) for rejecting Plaintiff's credibility prevents this discussion from adequately supporting the ALJ's credibility determination.  The ALJ appears to have rejected Plaintiff's orthopedic-related complaints on the basis of the asserted inconsistency between the complaints and Plaintiff's admitted daily activities.  In specifying those admitted daily activities, the ALJ mentioned, inter alia, Plaintiff's statement that "she must lie down for two hours per day" (A.R. 13).  Plaintiff contends, and Defendant does not appear to dispute, that a need to lie down for two hours per day would not be inconsistent with a

---

[1]     In the absence of evidence of "malingering," many Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal.  Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

1  finding of disability.

2

3      Defendant essentially suggests that, despite the wording of

4  the decision, the ALJ did not intend to include a need to lie down

5  for two hours per day as among those admitted daily activities with

6  which disability assertedly is inconsistent.  Defendant's suggestion

7  is logical, and well may be correct, but cannot justify affirmance of

8  the decision on the present record.  If the ALJ disbelieves

9  Plaintiff's claimed need to lie down for two hours per day, the ALJ

10  must unambiguously say so and must state at least specific, cogent

11  reasons for the disbelief.  Those reasons must go beyond any alleged

12  inconsistency with the "objective medical record."  Varney v.

13  Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (ALJ may not discredit

14  excess symptom testimony "solely on the ground that it is not fully

15  corroborated by objective medical evidence").  True inconsistency

16  with daily activities could justify the rejection of a claimed need

17  to lie down for two hours per day.  See generally Fair v. Bowen, 885

18  F.2d 597, 603 (9th Cir. 1989).  However, the ALJ has failed to

19  demonstrate any inconsistency between the claimed need to lie down

20  for two hours per day and the daily activities specified in the

21  decision (living in a mobile home with a friend, riding a bicycle

22  [for 10-15 minutes (A.R. 200)], having an unrestricted driver's

23  license, and selling Avon products for an unspecified time without

24  making any substantial profit).  A claimant does not have to be

25  completely incapacitated to be disabled.  Fair v. Bowen, 885 F.2d

26  597, 603 (9th Cir. 1989).  See Vertigan v. Halter, 260 F.3d 1044,

27  1049-50 (9th Cir. 2001) ("Vertigan") ("the mere fact that a plaintiff

28  has carried on certain daily activities, such as grocery shopping,

driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) ("Gallant") (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg pain).[2]

Defendant argues that an alleged inconsistency between Plaintiff's subjective complaints and her supposedly conservative treatment justifies the rejection of Plaintiff's credibility. However, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001); Barbato v. Commissioner, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (and cases cited therein). Contrary to Defendant's argument, the ALJ's decision does not make a specific finding concerning any alleged inconsistency between Plaintiff's subjective orthopedic complaints and the supposedly conservative treatment of those complaints. Rather, the

[2]   In Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("Burch"), the Ninth Circuit upheld an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew. In doing so, the Ninth Circuit did not purport to depart from the general rule that an ALJ may consider daily living activities in the credibility analysis only where "a claimant engages in numerous daily activities involving skills that could be transferred to the workplace." Id. at 681. Undeniably, however, it is difficult to reconcile the result in Burch from the results in cases like Vertigan and Gallant. Certainly, "the relevance of a claimant carrying on daily activities should be evaluated on a case-by-case basis." Bloch on Social Security § 3.37 (Jan. 2005). In the present case, in light of the seemingly conflicting Ninth Circuit case law as well as the ambiguity/lack of specificity in the ALJ's credibility analysis, this Court does not believe Burch compels affirmance.

ALJ's opinion finds an inconsistency between Plaintiff's complaints of disabling depression and her failure to seek or obtain more aggressive treatment therefor (A.R. 13). The ALJ's decision does mention Plaintiff's supposed failure to seek "aggressive pain management or treatment," but only in the context of the ALJ's rejection of the opinion of Dr. Beck (A.R. 13).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated

///
///
///
///
///
///
///
///
///
///

insufficient reasons for rejecting a claimant's excess pain

testimony).[3]


         LET JUDGMENT BE ENTERED ACCORDINGLY.


              DATED:  March 16, 2006.




              _____/S/_____
                              CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE

---

     [3]      The Court has not reached any of the other issues raised
by Plaintiff, except insofar as to determine that Plaintiff's
arguments in favor of reversal rather than remand are unpersuasive.